(C. D. 501)

W. X. HUBER CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided May 20, 1941)

*Philip Stein* for the plaintiff.

*Charles D. Lawrence*, Acting Assistant Attorney General (*Richard F. Weeks*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges; CLINE, J., not participating

EVANS, Judge: This is an action against the United States in which the plaintiff seeks to recover money claimed to have been collected in excess of the amount due as customs duties upon importations of merchandise from China. Plaintiff's claims insofar as pertinent are set out in his protest as follows:

| Item | Assessed under | We claim under |
|---|---|---|
| Item 22 | | |
| Medicine_____ | Para: 375@35% | Para: 1669 FREE |
| 24 | | |
| Apricot Kernels_____ | Para: 765 @ 16½¢# | Para: 762 @ 3¢# Abstract #33077. |

At the first hearing at the port of Los Angeles it was stipulated in open court that the merchandise described on the invoice as apricot kernels, with or without qualifying words, which was returned for duty under paragraph 756 at 16½ cents a pound is the same in all material respects as the merchandise covered by Abstract 34104 and therein held dutiable at 3 cents a pound under paragraph 762. The record in the cited case was incorporated and made part of the record herein.

The case was then suspended under protest 944109–G.

At the second hearing at the same port a motion to amend the pleadings was offered. The amendment sought was in the following language:

By correcting a typographical error in the number of the.paragraph under which duty was assessed at 35% ad valorem on a portion of the merchandise (Medicine) described in the protest, to Paragraph 775 instead of Paragraph 375, as it now reads.

To this the Government attorney objected on the ground that the case had been previously called for trial and at that time a stipulation had been entered into relative to a portion of the merchandise covered by the protest, and therefore the amendment was not timely. The judge presiding at the hearing stated that the motion would be taken under advisement and passed upon by the full division.

It was further stated by the attorney for the plaintiff that with respect to the merchandise described as medicine he would like to submit at a future time a stipulation, subject to the court's decision on the motion to amend, and in the event that the motion was granted the case might be deemed submitted on the stipulation and on the motion. In the event that the motion to amend was not granted, the case might be deemed submitted in any event upon the record as made. The Government attorney agreed to this disposition of the case and it was so ordered by the court.

An examination of the official papers discloses that the judge who presided at the hearing signed the order granting the motion to amend. However, in view of his statement that decision would be reserved for the full division, we take the matter under advisement.

Rule 9 of the court rules provides as follows:

(2) Amendment of Pleadings and Motions on Circuit.—If the plaintiff desires to amend his protest, appeal or application for review, as provided in section 518 of the Tariff Act of 1930, he may do so by filing with the judge presiding a motion in writing setting forth the proposed amendment at any time before the case is called for trial.

We agree with the Government attorney that the case had been called for trial. The fact that the amendment sought related to only part of the merchandise as to which no evidence had been presented, would not, as we view it, alter the situation. However, that is unimportant in view of the state of the record. The stipulation presented is in the following language:

It is hereby stipulated and agreed by and between counsel for the respective parties hereto, as to merchandise covered by the protest enumerated in the annexed schedule, which is incorporated herein and made a part hereof:

1. That the items of merchandise covered by this protest represented on the invoices by the items marked E, F, G, H and HH and initialed *B C A* by *B C Arnold* on the invoices accompanying the entry covered by this suit and which

items were classified at 35% under Paragraph 775 of the Tariff Act of 1930, are the same in all material characteristics respectively as the articles having the corresponding exhibit designations and passed upon in *Oy Wo Tong* v. *United States*, C. D. 372, and *Yick Sang Tong* v. *United States*, Abstract 44566, and in those decisions held to be classifiable as follows:

Item F free of duty under Paragraph 1669 of the Tariff Act of 1930, as crude drugs.

Items E, G, H and HH at 10% ad valorem under Paragraph 34 of the Tariff Act of 1930, as drugs advanced.

2. That the record in C. D. 372 and Abstract 44566 may be admitted in evidence herein.

3. That the protest herein be deemed submitted on this stipulation and the record as made, including the oral stipulation involving apricot kernels.

\*     \*     \*     \*     \*     \*     \*

The original protest set forth above, in our view, is sufficient to direct the mind of the collector to the claim in the mind of the plaintiff and relied on at the hearing, viz, that "Item 22, Medicine," which was assessed at 35 per centum, is properly free of duty under paragraph 1669. Item 22 on invoice 2 is described as 1 case Chinese Medicine, more specifically enumerated as "Wai San Pein (Med.)" and "Wai San Kwok." No other items appear on the invoice under the description of the contents of case 22. This merchandise was assessed at 35 per centum as noted in red ink. It is therefore apparent that the original protest was sufficient and needed no amendment.

It has been agreed by the parties litigant that the items marked E on the invoices and initialed BCA by B. C. Arnold are properly dutiable at 10 per centum ad valorem under paragraph 34 as drugs advanced. The only items marked E with the examiner's initials are the two items in case 22 set forth above. As the protest makes no claim for assessment at 10 per centum on those items but claims free entry under paragraph 1669, the latter claim is overruled without affirming the action of the collector.

The only items on the invoice marked G and H appear in connection with case 21, as to which no claim is made in the protest. We are unable to find any items marked F or HH on the invoices.

On the record as presented we sustain the claim of the plaintiff that the merchandise in case 24, invoiced as apricot kernels with or without qualifying words, which was assessed for duty under paragraph 756 at 16½ cents a pound is properly dutiable at 3 cents a pound under paragraph 762.

All other claims are overruled, without affirming the action of the collector as to the items marked E in case 22. Judgment will be rendered accordingly. It is so ordered.